# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD FORBACH,

      :

    Petitioner,                       Case No. 3:10-CV-040

      :

    -vs-                               Magistrate Judge Michael R. Merz

LAWRENCE MACK, Warden,

      :

    Respondent.

---

## DECISION AND ORDER

---

       This is a habeas corpus action brought *pro se* pursuant to 28 U.S.C. § 2254. Petitioner Fernbach is serving a term of incarceration in Respondent Mack's custody. The case is before the Court on Petitioner's Motion to Vacate (Doc. No. 34) this Court's Judgment of August 3, 2010 (Doc. Nos. 20, 21) pursuant to Fed. R. Civ. P. 60(b)(4) and (5) on grounds of lack of jurisdiction.

       The parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case was referred on that basis (Doc. No. 6). Thus the judgment was entered by the undersigned and this post-judgment Motion can be decided by him, rather than recommending a decision to a district judge.

       Because Petitioner attacks the integrity of this Court's judgment, rather than attempting to add a new claim for habeas relief, his Motion does not constitute a second or successive habeas petition and thus may properly be decided by this Court without referring the Motion to the Court of Appeals. *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Fed. R. Civ. P. 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application . . . .

Rule 60(b)(5) has no evident application, but relief could be granted under Rule 60(b)(4) if this Court's judgment were, as Petitioner claims, void for lack of jurisdiction.

In claiming lack of jurisdiction, Petitioner focuses on the one-year statute of limitations in 28 U.S.C. § 2244(d) which requires that a state court prisoner file his habeas corpus petition within one year after the state court judgment which he is challenging has become final. FORBACH insists his state court judgments of conviction (attached as Exhibits A and B to the Motion) never became final appealable orders under Ohio law because of failure to comply with Ohio R. Crim. P. 32. As he notes, the question of what is a final appealable criminal judgment in Ohio is a question of Ohio law. So far as FORBACH shows, no Ohio court has yet determined that question in his case, but he says he is "currently giving the State courts an 'opportunity to resolve the constitutional deprivations.'" (Motion, Doc. No. 34, PageID 724.)

Federal courts have habeas corpus jurisdiction under 28 U.S.C. § 2241, including jurisdiction to decide whether a state court has unconstitutionally imprisoned a person. FORBACH invoked that jurisdiction when he filed this case in 2010. Finality of the state court judgment for limitations purposes under 28 U.S.C. § 2244(d) does not define our jurisdiction. More importantly, the Ohio Twelfth District Court of Appeals at least implicitly held it had jurisdiction over FORBACH's direct appeals because it decided those appeals on the merits. In the first instance it was to that Court

-2-

which FORBACH should have addressed any concern about whether his judgments of conviction were final or not.

If Petitioner is suggesting that he has an existing remedy in the state courts for lack of finality in his convictions, he has not filed anything here to show that he is pursuing that remedy. Lack of exhaustion of state court remedies, however, does not deprive a district court of habeas jurisdiction. *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987).

If Petitioner were claiming that this Court should order his release from state prison because he was being confined on a state court judgment which was void for lack of jurisdiction, such a claim would constitute a second or successive claim and Petitioner would require prior permission from the Sixth Circuit before he could file the claim in this Court.

In sum, this Court concludes its prior Judgment is not void for lack of jurisdiction. Petitioner's Motion to Vacate is DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied any certificate of appealability from this Order and the Court certified to the Sixth Circuit that any appeal would be objectively frivolous and may therefore not proceed *in forma pauperis*.

April 21, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

J:\Documents\Fernbach habeas 60(b).wpd