# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD FERNBACH,

    Petitioner,  :  Case No. 3:10-CV-040

    -vs-  :  Magistrate Judge Michael R. Merz

LAWRENCE MACK, Warden,

    Respondent.  :

## DECISION AND ORDER

This habeas corpus action is before the Court on Petitioner's Objection (Doc. No. 36) to the Magistrate Judge's Decision and Order (Doc. No. 35) denying Petitioner's Motion to Vacate pursuant to Fed. R. Civ. P. 60 (Doc. No. 34). Because this is a plenary consent case, the Petitioner had no procedural right to file Objections. Nonetheless, the Magistrate Judge elected to treat the Objections as a motion for reconsideration.

Petitioner moved on April 9, 2012, under Fed. R. Civ. P. 60(b)(4) and (5) for relief from this Court's judgment of August 3, 2010, on the grounds that this Court's prior judgment was void for lack of jurisdiction because the underlying judgment of conviction of the Warren County Common Pleas Court was not a final appealable order and the judgment of the Warren County Court of Appeals affirming that judgment was also void because it did not have jurisdiction. He argued that the judgment of conviction failed to include include several matters required by Ohio law, the Due Process Clause of the Fourteenth Amendment, and unspecified provisions of the Ohio Constitution

˘1˘

(Objections, Doc. No. 36, Page ID 737).  In his Objections he advised this Court that he had raised the underlying claims by seeking relief from the Ohio Twelfth District Court of Appeals and the Warren County Common Pleas Court on April 12, 2012.  *Id.* at PageID 739.

In order to allow Mr. Fernbach an opportunity to obtain consideration of his Ohio law (and any attendant federal constitutional law) questions in the first instance from the state courts, this Court agreed, at Mr. Fernbach's request, to hold consideration of his Objections abeyance pending decisions by the Ohio courts.  However, he was also is ordered to furnish this Court with copies of the filings made in the Ohio courts to date (Decision and Order of May 7, 2012, Doc. No. 37).  As of the date of this Decision, he has failed to do so and also failed to advise this Court of any decisions made by the two state courts in which he also sought relief.

This court is unwilling to further delay decision of this matter, in light of Petitioner's failure to comply with a direct order of the Court.  Accordingly, the stay of proceedings is vacated and the Court proceeds to consider the merits of Petitioner's Objections.

Mr. Fernbach's theory for why this Court lacked jurisdiction of his original habeas petition is that the statute of limitations for habeas actions runs, with exceptions not relevant here, from the date of finality of a state court judgment of conviction. 28 U.S.C. § 2244(d)(1)(A).  That represents a misunderstanding of habeas corpus jurisdiction.  Our jurisdiction under 28 U.S.C. § 2241 requires that the petitioner be in custody in violation of the Constitution or law or treaties of the United States. 28 U.S.C. § 2241(c)(3).  It does not depend on whether the state court judgment which forms the basis of a petitioner's custody is "final" or not.  For example, federal courts have jurisdiction to consider Double Jeopardy claims before a second trial.  *Justices of the Boston Municipal Court v. Lydon,* 466 U.S. 294 (1984); *Reimnitz v. State's Attorney of Cook County,* 761 F.2d 405, 408 (7th

˘2˘

Cir. 1985); *Malinovsky v. Court of Common Pleas of Lorain County*, 7 F.3d 1263 (6th Cir. 1993). When a habeas petitioner has not exhausted available state court remedies, we may postpone exercise of our habeas jurisdiction until he does so, but lack of exhaustion does not deprive a federal court of jurisdiction. *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987).

In his original Petition, Mr. Fernbach raised nine grounds for relief. None of them were based on an argument that the underlying judgment of conviction was void for lack of jurisdiction (See Petition, Doc. No. 3, as quoted in Return of Writ, Doc. No. 7, PageID 54-55.) In the Objections Mr. Fernbach now says the crux of his case is that he is in custody on void judgments of the Ohio courts, in violation of his Fourteenth Amendment due process and equal protection rights, given the treatment of the defendant in *State v. Baker*, 119 Ohio St. 3d 197 (2008). That claim was nowhere made in the initial Petition. If Mr. Fernbach now wishes to assert that claim in a federal habeas corpus case, he must file a petition with that claim in it. But because he has already litigated a habeas corpus case to judgment on the merits, any new petition including this claim would be a second or successive application which would require certification from the Sixth Circuit Court of Appeals before proceeding.

Mr. Fernbach recognizes this problem when he states in the Objections that, because he will; have to be re-sentenced when the Ohio courts correct their errors, there will then be a new judgment and a habeas application attacking that new judgment will not be a second or successive application by virtue of *Burton v. Stewart*, 549 U.S. 147 (2007). That certainly is at least an arguable interpretation of *Burton*. But if Mr. Fernbach obtains a new judgment in the state courts, he will not need this Court's vacation of its prior judgment in order to avoid the second or successive bar. And

˘3˘

in any event, he is not entitled to a dismissal of the Petition for lack of jurisdiction because he properly invoked this Court's jurisdiction when he initially filed.

Therefore, the Objections, treated as a motion for reconsideration, are overruled and denied. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability.

July 7, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge
