IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD FERNBACH,

:

    Petitioner,                                  Case No. 3:10-cv-040

:

   -vs-                                         Magistrate Judge Michael R. Merz

LAWRENCE MACK, Warden,

:

    Respondent.

## DECISION AND ORDER

       This habeas corpus action is before the Court on Petitioner's Motion to Set Aside Judgment of August 3, 2010 (Doc. No. 41). The motion *sub judice* is brought under Fed. R. Civ. P. 60 and is within the Magistrate Judge's decisional authority because the paties unanimously consented to plenary magistrate judge jurisdiction (Doc. No. 6).

       Fernbach filed a petition for writ of habeas corpus in this Court pleading ten grounds for relief (Petition, Doc. No. 3). After the pleadings were complete, this Court dismissed the Petition with prejudice, finding the grounds for relief were procedurally defaulted or without merit (Decision and Order, Doc. No. 20; Judgment, Doc. No. 21). Both this Court and the Sixth Circuit denied a certificate of appealability (Doc. Nos. 32, 33), so that this Court's judgment became final May 23, 2011.

       On April 9, 2012, Fernbach filed his first Motion to Vacate on grounds the Court lacked jurisdiction (Doc. No. 34). On April 23, 2012, the Court denied that Motion and any certificate of appealability (Doc. No. 35). However, agreeing to treat Fernbach's Objection as a motion for

1

reconsideration, the Court also agreed to hold the case in abeyance until Fernbach could exhaust state court remedies he was invoking to attempt to have his prior state court judgments vacated (Doc. No. 37). The stay, entered May 7, 2012, was conditioned upon Petitioner's furnishing this Court with copies of his state court pleadings (Doc. No. 37). Fernbach failed to do so and the Court vacated the stay and overruled the motion for reconsideration on July 9, 2012 (Doc. No. 39). The same day, obviously without yet having received notice of the Court's decision, Fernbach filed a Notice of Case Status (Doc. No. 40). In it Fernbach acknowledges receipt of the May 7, 2012, Order. *Id.* at PageID 747. However, instead of complying with the Order "to furnish this Court with copies of the filings made in the Ohio courts to date and to keep this Court currently advised of new filings and any decisions from those courts," Fernbach merely told this Court he had been unsuccessful in the lower Ohio courts and attached a copy of his mandamus petition in the Ohio Supreme Court. *Id.*

As best this Court understands Mr. Fernbach's current Motion, it is that the August, 2010, judgment should be set aside because it was procured by "fraud on the court." Fed. R. Civ. P. 60(b)(3). A motion under that Rule is required to be brought within one year of the time the judgment is entered and the instant Motion was filed almost two and one-half years after the judgment was entered. Therefore, the Motion is denied as untimely.

Even if the Motion were timely under Fed. R. Civ. P. 60(b)(3), it would be without merit. Petitioner's theory is that fraud on this Court was somehow committed by the Ohio Twelfth District Court of Appeals when it took jurisdiction of Mr. Fernbach's direct appeal on the basis of a final judgment in the Warren County Common Pleas Court which was not a final appealable order. According to Mr. Fernbach, it should have *sua sponte* dismissed the appeal for lack of jurisdiction. However, he fails to explain how such behavior by that court constitutes a fraud on

this Court, particularly when the judges of that court are in no way parties to this proceeding. His alternative theory is that his appellate attorney committed fraud on this Court by not raising lack of jurisdiction of the Ohio Court of Appeals. Again, his attorney was never in any way a party to these proceedings so as to have committed fraud on this Court.

In his instant Motion, Fernbach raises a claim which he has not previously presented to this Court, to wit, that he has been denied equal protection of the laws because the Twelfth District Court of Appeals granted vacation of one of its judgments to a Mr. Abbott whose case, Fernbach says, is like his. This Court cannot reach that equal protection claim on the merits because it is a new claim on which Fernbach has not received permission of the Sixth Circuit to proceed. 28 U.S.C. § 2244(b)(2) requires a habeas petitioner to obtain permission from the relevant court of appeals before he can proceed on a second or successive petition. A motion for relief from judgment which attempts to raise a new claim is barred by this provision. *Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005).

The Motion to Set Aside the August 3, 2010, Judgment is DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and this Court certifies to the Sixth Circuit that any appeal would be objectively frivolous. January 29, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

3